**IN THE COURT OF APPEALS OF IOWA**

No. 16-0400
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL ROBERT HANDT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette

Boehlje, District Associate Judge.


        Michael Handt appeals the sentence imposed following his guilty plea to

public intoxication, third or subsequent offense.  **SENTENCE VACATED AND**

**REMANDED.**



        William T. Morrison of Morrison Law Firm, Mason City, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.



        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DANILSON, Chief Judge.**

Michael Handt appeals from the sentence imposed following his plea of guilty to public intoxication, third or subsequent offense.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "If a district court improperly considers unprosecuted and unproven additional charges, we will remand the case for resentencing." *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013) (quoting *Formaro*, 638 N.W.2d at 725).

Michael Handt pled guilty to public intoxication, third or subsequent offense. At the time of sentencing, the prosecutor recommended a term of incarceration not to exceed two years to be served consecutive to sentences imposed in Floyd County the day before.[1] Handt's attorney stated Handt's conditions "include schizoaffective disorder, alcoholism and then *recently* the knee injuries that he sustained including a ruptured tendon in his right knee" for which he had undergone surgery the week before the sentencing hearing. Counsel stated Handt "is currently on hydrocodone five milligrams every four hours which includes 325 milligrams of acetaminophen and also ibuprofen." Counsel recommended Handt be assessed a $625 fine and "enter a dual diagnosis program at his earliest availability." The court imposed a term of

---

[1] There, the court sentenced Handt to two concurrent prison terms not exceeding two years on two public intoxication charges, which we affirmed in *State v. Handt*, No. 16-0428, 2016 WL 6902812 (Iowa Ct. App. Nov. 23, 2016).

incarceration not to exceed two years, which would be served consecutive to the sentences imposed in the Floyd County cases.

On appeal, Handt argues the court considered improper factors. Specifically, he notes the court's statements at sentencing:

> Mr. Handt, if you have a mental health disorder and you're taking medication for it, your medication tells you not to drink with it because essentially you screw it up or cancel it out by consuming alcohol. Your doctor I'm sure has advised you of that. I'm sure your pharmacist has advised you of that. I'm fairly certain that it's on your bottle of medication that it's not to be taken with alcohol, but yet you continue to drink and wonder why you're having issues; it's because your alcohol problem is out of control. And at some point we have to take steps to consider community safety and to consider frankly your safety when you're consuming this alcohol and appearing in public.

Handt does indeed have a long history of operating while intoxicated and public intoxication convictions. And his attorney stated at sentencing that Handt's conditions included schizoaffective disorder and alcoholism. However, nothing in the record supports the court's comments concerning Handt taking medication for a mental health disorder or combining prescription medications with alcohol consumption. We therefore vacate the sentence imposed and remand for resentencing.

**SENTENCE VACATED AND REMANDED.**